# EXHIBIT A

JANE DOE                                          *   IN THE CIRCUIT COURT FOR
c/o Andreozzi + Foote                             *   BALTIMORE CITY, MARYLAND
and Holzman & Dickriede                           *
233 E. Redwood St.                                *
Suite 400J                                        *
Baltimore, MD 21202                               *   Case No. _____
                                                  *
            Plaintiff,                            *
                                                  *
THE CHURCH OF JESUS CHRIST OF                     *
LATTER-DAY SAINTS OF                              *
CAMP SPRINGS                                      *
5300 Auth Road                                    *
Camp Springs, MD 20746                            *
Serve On:   5300 Auth Road                        *
            Camp Springs, MD 20746                *
                                                  *
AND                                               *
                                                  *
CORPORATION OF THE PRESIDING                      *
BISHOP OF THE CHURCH OF                           *
LATTER-DAY SAINTS                                 *
50 E. North Temple 2WW                            *
Salt Lake City, Utah 84150                        *
Serve On:   CSC Lawyers Incorporating             *
            Service Company                       *
            7 St. Paul Street                     *
            Suite 820                             *
            Baltimore, MD 21202                   *
                                                  *
AND                                               *
                                                  *
THE CHURCH OF JESUS CHRIST OF                     *
LATTER-DAY SAINTS, A UTAH                         *
CORPORATION SOLE a/k/a THE                        *
CHURCH OF JESUS CHRIST OF                         *
LATTER-DAY SAINTS,                                *
50 E. North Temple 2WW                            *
Salt Lake City, Utah 84150                        *
Serve On:   CSC Lawyers Incorporating             *
            Service Company                       *
            7 St. Paul Street                     *
            Suite 820                             *
            Baltimore, MD 21202                   *
                                                  *
            Defendants.                           *

1

## COMPLAINT

Comes Now, Plaintiff, Jane Doe, by and through her counsel, Andreozzi + Foote and

Holzman & Dickriede, hereby files suit against Defendants jointly and severally, and respectfully

represents unto this Court as follows:

### NATURE OF ACTION

1.      Plaintiff brings this action against Defendants pursuant to Maryland's Child

Victims Act ("CVA") (Md. Code Ann., Cts. & Jud. Proc. §5-117).

### JURISDICTION AND VENUE

2.      This Court has personal jurisdiction pursuant to Md. Code Ann. Cts. & Jud. Proc.

§ 6-102(a) and § 6-103(b).

3.      This Court has subject matter jurisdiction pursuant to Md. Code Ann. Cts. & Jud.

Proc. § 1-501.

4.      Venue is proper in Baltimore City pursuant to Md. Code Ann. Cts. & Jud. Proc.

§6-201.

### PARTIES

5.      Defendant, The Church of Jesus Christ of Latter-Day Saints of Camp Springs'

principal place of business is 5300 Auth Road, Camp Springs, Prince George's County,

Maryland 20746.

6.      Defendant Corporation of the Presiding Bishop of the Church of Latter-Day

Saints is a corporation solely incorporated in the State of Utah, a citizen of the State of Utah, and

has its principal place of business in the State of Utah, with its registered Maryland address in

Baltimore City, and regularly carries on business in Baltimore City.

7.     Defendant The Church of Jesus Christ of Latter-Day Saints, a Utah Corporation Sole, a/k/a The Church of Jesus Christ of Latter-Day Saints is a corporation solely incorporated in the State of Utah, a citizen of the State of Utah, and has its principal place of business in the State of Utah, with its registered Maryland address in Baltimore City, and regularly carries on business in Baltimore City.

## FACTS COMMON TO ALL COUNTS

8.     Plaintiff incorporates herein by reference and re-alleges the preceding and following paragraphs.

9.     Plaintiff uses a pseudonym, as this matter involves the sexual victimization of Plaintiff while Plaintiff was a minor-child.

10.     At all times relevant, Defendant Corporation of the Presiding Bishop of the Church of Latter-Day Saints, was a religious corporation sole of the Church of Jesus Christ of Latter-Day Saints operating in Maryland.

11.     At all times relevant to this Complaint, Defendant The Church of Jesus Christ of Latter-Day Saints, a Utah Corporation Sole, a/k/a The Church of Jesus Christ of Latter-Day Saints, was a religious corporation sole of the Church of Jesus Christ of Latter-Day Saints operating in Maryland.

12.     The Church of Jesus Christ of Latter-Day Saints and Corporation of the Presiding Bishop will be referred to collectively hereinafter as "LDS Church" or "LDS Defendants."

13.     As part of its mission and ministry, LDS Defendants selected members of the LDS Church to engage with, befriend, counsel, and minister LDS children, including Plaintiff.

3

14.    At all times relevant, The Church of Jesus Christ of Latter-Day Saints of Camp Springs (hereinafter "Camp Springs Church") was a congregation of the LDS Defendants in Camp Springs, Maryland.

15.    At all times relevant, LDS Defendants owned, operated, and controlled Camp Springs Church.

16.    At all times relevant, LDS selected, approved, and retained Frederick Edvalson (hereinafter "Perpetrator" or "Edvalson") as a minister and/or agent serving as a mentor, counselor, educator, and friend to LDS children, including Plaintiff.

17.    LDS Defendants knew that as a minister Perpetrator would be in a position of trust and authority over LDS members and their children, including Plaintiff.

18.    At all relevant times, Perpetrator was on the staff of, acted as an agent of, and served as an employee and agent of LDS Church, including as a minister, administrator, and/or official.

19.    At all relevant times, Perpetrator was acting in the course and scope of his agency with LDS Defendants and Camp Springs Church.

### Sexual Abuse within the LDS Church

20.    As is now well-known, thousands of children have been sexually abused within the LDS Church and that LDS Church officials abused their positions of power to bury the problem of child predation within LDS; leaving victims of sexual abuse unprotected.

21.    This conduct occurred before and after Plaintiff's sexual abuse by the Perpetrator.

22.    For example:

    a.    In April 2023, a woman was awarded $2.28 billion dollars by a California jury after LDS officials, including local bishops, failed to report the victim's abuse by her stepfather, a member of LDS, to law enforcement. The woman's

stepfather plead guilty to committing lewd acts with a child under age 14 and spent three years in State prison.

b.  In January 2023, LDS settled with a Washington man for $1.1 million dollars after his abuse as a preschooler by an LDS volunteer went unreported. The bishop knew of this volunteers' propensity for sexual abuse of minors but failed to protect this man from harm.

c.  In 2021, David Hiser filed suit in the District Court of Oregon seeking $5.5 million dollars in damages after a Bishop within the Corvallis Stake in Corvallis, Oregon learned of allegations that an LDS Youth Leader was sexually abuse children within the Stake and failed to warn parents or report to law enforcement.

d.  In August 2022, the Associated Press ran a story titled *Seven Years of sex abuse: How Mormon officials let it happen* detailing the pattern of burying child sexual abuse within the LDS Church around the world.

23.     These are just a few examples of the series of sexual abuse lawsuits brought against the LDS Church for sexual abuse that took place decades ago.

24.     By the time of Plaintiff's abuse, sexual abuse of LDS children was a risk known to the Defendants.

### *Frederick Edvalson's sexual abuse of Plaintiff*

25.     While serving in his capacity as a minister and/or agent of Camp Springs Church, Perpetrator befriended Plaintiff and her family.

26.     Perpetrator gained the trust of Plaintiff as a mentor, counselor, educator, and friend.

27.     Upon information and belief, before Perpetrator's arrival to the Camp Springs Church, Perpetrator had been convicted twice before for sexually abusing minors.

28.     Upon information and belief, upon his arrival to the Camp Springs Church, Perpetrator's then-parole officer reported Perpetrator's past convictions to the Ward's board and advised he not serve in any capacity with or around children.

5

29.    In fact, upon information and belief, as part of Perpetrator's parole he was physically not to be within the vicinity or presence of children.

30.    Despite this, Perpetrator was not precluded from spending time with LDS children, including Plaintiff.

31.    Beginning in approximately 1983, Perpetrator, while acting within the course and scope of his agency for LDS Defendants, engaged in various sexual acts with Plaintiff.

32.    As set out further below, this sexual contact amounted to felony child abuse.

33.    Specifically, as reported publicly and described by Maryland State's Attorney Arthur A. Marshall, Jr.:

> Edvalson gained the child's confidence and then lured her into a room in the church on a number of occasions between January, 1983, and October, 1984, to sexually abuse her, Mr. Marshall said.
>
> "He told her he was giving her special religious training," the state's attorney said

34.    Upon information and belief, Perpetrator abused far more children than Plaintiff is currently aware of, both before and after Plaintiff's abuse.

35.    On March 11, 1985, Perpetrator was convicted of sexually abusing Plaintiff.

36.    This was **the third time** Perpetrator had been convicted of sexually abusing a child.

> Edvalson pleaded guilty to the assaults March 11. It was the third time Edvalson was convicted of sexually abusing a child, Mr. Marshall said.
>
> The lay minister will begin serving the sentence handed down by Prince Georges County Circuit Judge Audrey Melbourne immediately, and will also be required to serve a sentence for an earlier offense that had been suspended.

37.    Defendants knew or should have known that Perpetrator posed a danger to Plaintiff.

38.    Indeed, upon information and belief, agents of the Defendants had actual knowledge that Perpetrator was a sex offender before and/or during his abuse of Plaintiff and did nothing to stop him; rather, they gave Perpetrator access to children including Plaintiff.

39.    Minimal diligence would have revealed to Defendants that Perpetrator was a sex offender by the time he abused Plaintiff.

40.    The Plaintiff and her parents implicitly trusted Perpetrator due to Perpetrator's relationship to Defendants, and thus allowed Plaintiff to be alone with Perpetrator.

41.    At no time did Defendants make Plaintiff or her family aware of Perpetrator's history, or of the known risk of abuse posed by him and other members.

42.    Such acts by Defendants were willful, wanton, and/or reckless.

43.    As described, Perpetrator sexually abused the Plaintiff, and numerous other children.

44.    As a direct result of Defendants' conduct described herein, Plaintiff suffered and will continue to suffer as follows:

a. Severe and permanent emotional distress, including physical manifestations of emotional distress;

b. Deprivation of the full enjoyment of life;

c. Expenses for medical and psychological treatment, therapy, and counseling; and,

d. Loss of income and/or loss of earning capacity.

## Causes of Action

## COUNT I

**Negligent, Grossly Negligent, and Reckless Hiring/Retention/Supervision of Employees, Agents, and/or Contractors**

**Plaintiff vs. All Defendants**

45.     Plaintiff repeats and re-alleges every allegation set forth throughout this Complaint as if fully set forth herein.

46.     At all times relevant, Defendants owed a duty to use reasonable and ordinary care to protect Plaintiff from injury caused by an unreasonable risk.  Defendants breached this duty.

47.     Defendants violated their duty, and were negligent, careless, and/or reckless as follows:

a. By failing to establish adequate child abuse prevention policies, procedures, and practices;

b. By failing to make mandatory and adhere (and ensure adherence) to such policies, procedures, and practices;

8

c.  By failing to adequately screen and supervise all those with access to children, including Perpetrator;

d.  By failing to retain, hire, train, and supervise agents/employees with regard to the prevention of child sexual abuse;

e.  By failing to adequately monitor and supervise Perpetrator and Plaintiff;

f.  By failing to know the risks of sexual abuse inherent in youth serving activities;

g.  By failing to require child sex abuse training for parents/guardians and children;

h.  By failing to recognize the signs that Perpetrator was a child sexual predator;

i.  By failing to conduct an appropriate background check on Perpetrator;

j.  By allowing Perpetrator to work with children despite his criminal history;

k.  By failing to terminate Perpetrator from his role despite Perpetrator's red flags and lack of fitness for the role; and,

l.  By violating the duties imposed upon them pursuant to the Restatement of Torts, Second, §§ 314A, 315, 317, 323, 324A, 344 & 371, as adopted in Maryland.

48.     As a direct and proximate cause of the Defendants actions and omissions, and breach of the duties of reasonable care, Plaintiff was sexually abused, resulting in damages.

## COUNT II

### Negligence, Gross Negligence, and Recklessness

### Plaintiff vs. All Defendants

49.     Plaintiff repeats and re-alleges every allegation set forth throughout this Complaint as if fully set forth herein.

50.     At all times relevant, Defendants owed a duty to protect Plaintiff from sexual abuse.

9

51.     Defendants violated their duty, and were negligent, careless, and/or reckless as follows:

a.     By failing to establish adequate child abuse prevention policies, procedures, and practices;

b.     By failing to make mandatory and adhere (and ensure adherence) to such policies, procedures, and practices;

c.     By failing to adequately screen and supervise all those with access to children, including Perpetrator;

d.     By failing to retain, hire, train, and supervise agents/employees with regard to the prevention of child sexual abuse;

e.     By failing to adequately monitor and supervise Perpetrator and Plaintiff;

f.     By failing to know the risks of sexual abuse inherent in youth serving activities;

g.     By failing to require child sex abuse training for parents/guardians and children;

h.     By failing to recognize the signs that Perpetrator was a child sexual predator;

i.     By failing to conduct an appropriate background check on Perpetrator;

j.     By allowing Perpetrator to work with children despite his criminal history;

k.     By failing to terminate Perpetrator from his role despite Perpetrator's red flags and lack of fitness for the role; and,

l.   By violating the duties imposed upon them pursuant to the Restatement of

Torts, Second, §§ 314A, 315, 317, 323, 324A, 344 & 371, as adopted in

Maryland.

52.   As a direct and proximate cause of the Defendants actions and omissions, and

breach of the duties of reasonable care, Plaintiff was sexually abused, resulting in damages.

WHEREFORE, Plaintiff Jane Doe demands judgment against all Defendants, jointly and

severally, and seeks damages in an amount in excess of $75,000.00 together with attorneys' fees,

costs, and expenses of this lawsuit and such other relief as the Court may deem proper.

Respectfully Submitted,

Ryan Dickriede, Esq.
Holzman & Dickriede
233 E. Redwood Street, Ste 400J
Baltimore, MD 21202
(t) (410) 356-4455
(f) (410) 356-4420
Atty Code: 1412160217
*ryan.@hd-attorneys.com*

(with permission)

Renee Franchi, Esq.
Atty Code: 2006090023
Nathaniel Foote, Esq. (Pro Hac Pending)
Andreozzi + Foote
4503 North Front Street
Harrisburg, PA 17110
(t) (717) 525-9124
(f) (717) 525-9143
*cassie@vrca.law; renee@vrca.law*

*Attorneys for Plaintiff*

JANE DOE

    Plaintiff

        v.

THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, ET AL.

    Defendants

\*   IN THE CIRCUIT COURT FOR

\*   BALTIMORE CITY

\*   MARYLAND

\*

\*

\*   Case No.: _____

\*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## JURY DEMAND

    COMES NOW Plaintiff Jane Doe, by and through counsel, Ryan Dickriede, Esq., and

Holzman and Dickrede, Renee Franchi, Esq., and Andreozzi + Foote, and requests that this case

be tried with the assistance of a jury.

Respectfully Submitted,

Ryan Dickriede, Esq.
Holzman & Dickriede
233 E. Redwood Street, Ste 400J
Baltimore, MD 21202
(t) (410) 356-4455
(f) (410) 356-4420
Atty Code: 1412160217
*ryan@hd-attorneys.com*

*(with permission)*

Renee Franchi, Esq.
Atty Code: 2006090023
Nathaniel Foote, Esq. (Pro Hac Pending)
Andreozzi + Foote
4503 North Front Street
Harrisburg, PA 17110
(t) (717) 525-9124
(f) (717) 525-9143
*cassie@vca.law; renee@vca.law*

*Attorneys for Plaintiff*

IN THE CIRCUIT COURT FOR Baltimore City

(City/County)

## CIVIL – NON-DOMESTIC CASE INFORMATION SHEET

### DIRECTIONS

***Plaintiff:*** This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Justice of the Supreme Court of Maryland pursuant to Rule 2-111(a).

   ***Defendant:*** You must file an Information Report as required by Rule 2-323(h).

### *THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING*

**FORM FILED BY:** ☒ PLAINTIFF ☐ DEFENDANT       **CASE NUMBER** _____
                                                             (Clerk to insert)

**CASE NAME:** Jane Doe _____   vs.   Church of Jesus Christ Latter-Day Saints et al.
                      Plaintiff                              Defendant

**PARTY'S NAME:** _____   **PHONE:** _____

**PARTY'S ADDRESS:** _____

**PARTY'S E-MAIL:** _____

**If represented by an attorney:**

**PARTY'S ATTORNEY'S NAME:** Ryan Dickriede, Esq _____   PHONE: (410) 539-4222

**PARTY'S ATTORNEY'S ADDRESS:** 233 E. Redwood Street, Suite 400J, Baltimore, MD 21202

**PARTY'S ATTORNEY'S E-MAIL:** Ryan @hd-attorneys.com

**JURY DEMAND?** ☒ Yes ☐ No

**RELATED CASE PENDING?** ☐ Yes ☒ No  If yes, Case #(s), if known: _____

**ANTICIPATED LENGTH OF TRIAL?:** _____ hours 5 days

### PLEADING TYPE

**New Case:** ☒ Original        ☐ Administrative Appeal      ☐ Appeal
**Existing Case:** ☐ Post-Judgment ☐ Amendment
*If filing in an existing case,* skip Case Category/ Subcategory section – go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint – DOB of Youngest Plt:_____
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☒ Motor Tort
- ☒ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

**PROPERTY**
- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Worker's Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate
- Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. – Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) |
|---|

| | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Default | ☐ Reinstatement of Employment |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Arbitration | ☐ Financial Exploitation | ☒ Liability | ☐ Specific Performance |
| ☐ Asset Determination | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Attachment b/f Judgment | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Cease & Desist Order | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Condemn Bldg | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Contempt | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☒ Court Costs/Fees | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☒ Damages-Compensatory | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☒ Damages-Punitive | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |

*If you indicated Liability above*, mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.    ☒ Liability is not conceded, but is not seriously in dispute.    ☐ Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) |
|---|

☐ Under $10,000        ☐ $10,000 - $30,000        ☐ $30,000 - $100,000        ☒ Over $100,000

☐ Medical Bills $_____        ☐ Wage Loss $_____        ☐ Property Damages $_____

| ALTERNATIVE DISPUTE RESOLUTION INFORMATION |
|---|

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation        ☒ Yes ☐ No                C. Settlement Conference    ☒ Yes ☐ No
B. Arbitration      ☐ Yes ☐ No                D. Neutral Evaluation       ☐ Yes ☐ No

| SPECIAL REQUIREMENTS |
|---|

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

| ESTIMATED LENGTH OF TRIAL |
|---|

*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.*

*(Case will be tracked accordingly)*

☐ 1/2 day of trial or less        ☐ 3 days of trial time
☐ 1 day of trial time             ☒ More than 3 days of trial time
☐ 2 days of trial time

| BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM |
|---|

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited** - Trial within 7 months of        ☐ **Standard** - Trial within 18 months of
Defendant's response                              Defendant's response

EMERGENCY RELIEF REQUESTED

| COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR) |
|---|

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited - Trial within 7 months of** Defendant's response          ☐ **Standard - Trial within 18 months of** Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ Expedited | Trial 60 to 120 days from notice. Non-jury matters. | |
| ☐ Civil-Short | Trial 210 days from first answer. | |
| ☒ Civil-Standard | Trial 360 days from first answer. | |
| ☐ Custom | Scheduling order entered by individual judge. | |
| ☐ Asbestos | Special scheduling order. | |
| ☐ Lead Paint | Fill in: Birth Date of youngest plaintiff _____ | |
| ☐ Tax Sale Foreclosures | Special scheduling order. | |
| ☐ Mortgage Foreclosures | No scheduling order. | |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

10/2/23
_____
Date

Signature of Attorney / Party          1412160217
Attorney Number

233 E. Redwood Street, Suite 400J
Address

Ryan Dietriede
Printed Name

Baltimore          MD          21202
City          State          Zip Code

CC-DCM-002 (Rev. 12/2022)          Page 3 of 3

Attachment "A" - 1

LAW OFFICES

# DePaul, Willoner and Kenkel

PROFESSIONAL ASSOCIATION

7100 BALTIMORE AVENUE

**COLLEGE PARK, MARYLAND 20740**

(301) 277-1700

JOSEPH A. DePAUL
RONALD WILLONER
JAMES E. KENKEL
ROBERT B. OSTROM
JOHN F. CALABRESE
RICHARD H. SOTHORON, JR.
STEVEN ROSEN
WILLIAM C. BRENNAN, JR.

OF COUNSEL
WILLIAM H. MESEROLE, Jr

PATENTS, TRADEMARKS
AND COPYRIGHTS

January 25, 1978

Mr. Fredrick M. Edvalson
2307 Oak Glen Way
Forestville, MD 20028

Dear Mr. Edvalson:

As promised in Court and as discussed during our telephone
conversation of Monday, January 23, I am forwarding to you
for your review and retention a copy of the Section of
Criminal Code referred to by me in Court and under which
the Court placed you on probation. I am sure as you read
the special provisions of Section 641 you will have a
clearer meaning and a greater appreciation of the provi-
sions contained therein. In summary, the Section provides
that the determination of guilt in your case was stayed
by the Court and you were placed on probation subject to
the terms and conditions as outlined by the Court. Upon
fulfillment of the terms and conditions of probation in
three years, you may be discharged and the discharge shall
operate without a judgment of conviction and shall not be
a conviction for purposes of any disqualification or dis-
ability imposed by law, such as for bonding, employment or
retirement purposes.

As you continue on probation, in addition to the general
conditions outlined by the Court, the special condition
imposed upon you is that you continue psychiatric counsel-
ing as may be required by the Department of Parole and
Probation. The court costs imposed by the Court are, of
course, to be paid also. I would suggest within a week
you contact the Department of Parole and Probation and
review the special terms with your probation agent and
arrange with the agent any contact or verification the
agent may wish with Dr. Crowley regarding supplemental
reports.

I am pleased to have assisted you in this matter and am
sure you appreciate the results obtained on your behalf.
Should you have any questions regarding this matter or any
other new matter, please do not hesitate to contact me at
the office.

RECEIVED P.&P.Om

CONFIDENTIAL

Sincerely yours,

A-2

CRIMES AND PUNISHMENTS          Art. 27, § 641

§ 641. Probation prior to judgment; power of court to provide terms and conditions; violation of probation; fulfillment of terms of probation.

(a) *Probation after plea or finding of guilt; power of court to provide terms and conditions.* — Whenever a person accused of a crime pleads guilty or nolo contendere or is found guilty of an offense, a court exercising criminal jurisdiction, if satisfied that the best interests of the person and the welfare of the people of the State would be served thereby, and with the written consent of the person after determination of guilt or acceptance of a nolo contendere plea, may stay the entering of judgment, defer further proceedings, and place the person on probation subject to reasonable terms and conditions as appropriate. The terms and conditions may include ordering the person to make restitution, but before the court orders restitution the person is entitled to notice and a hearing to determine the amount of restitution, what payment will be required, and how payment will be made. The terms and conditions also may include, any type of rehabilitation program or clinic, including but not limited to the driving while intoxicated school, or similar program, or the parks program or voluntary hospital program.
(1976, ch. 695.)

(b) *Violation of probation.* — Upon violation of a term or condition of probation, the court may enter judgment and proceed with disposition of the person as if the person had not been placed on probation.

(c) *Fulfillment of terms of probation.* — Upon fulfillment of the terms and conditions of probation, the court shall discharge the person from probation. The discharge is final disposition of the matter. Discharge of a person under this section shall be without judgment of conviction and is not a conviction for purposes of any disqualification or disability imposed by law because of conviction of crime. (1955, ch. 436; 1957, ch. 316; 1961, ch. 616, § 22; 1972, ch. 181, § 28; 1974, ch. 795; 1975, ch. 527.)

RECEIVED P.B.O.

MAR 13

CONFIDENTIAL



**STATE OF MARYLAND**

vs.

FREDERICK MERLIN EDVALSON

Circ. _____ Court of Pr. George's Co.

Court Docket No. ____ CT 84-1221 ____ (year) 198~

Parole and Probation Case No. ___ 5654031 ___

## PETITION AND ORDER FOR ABATEMENT OF PROBATION SUPERVISION

TO THE HONORABLE, THE JUDGES OF SAID COURT:

The Maryland Division of Parole and Probation respectfully represents:

1. That the defendant in the above-entitled case was released on probation on ____ 5/12 ____ 19 86 ____ , upon certain terms and conditions for the period of ___ 5 years ____ , to terminate on _____ 5/12 ____ , 19, 91 ____ .

2. That full payment of fines, costs, attorney's fees, or restitution ordered by the Court has been made.
   All money owed in this matter was paid in full as of 6/9/86.

3. That, to the best of its knowledge and belief, probationer has complied with all general and special terms and conditions of probation as ordered by the Court. Attached please find a copy of a Progress and Conduct Report from the State of Utah with a recommendation for termination of probation.

4. That, to the best of its knowledge and belief, since being placed on probation the probationer has not been convicted of any crime or any motor vehicle violation carrying a possible sentence of imprisonment and is not now a defendant in any pending criminal proceeding. _____

5. That there is no compelling reason why the conditions of probation should not be waived except that he/she shall violate no law. This action in no way releases the above-named probationer from the jurisdiction of the Court before the maximum expiration date of his/her sentence. Although Utah is requesting termination, this writer recommends abatement - with Utah closing its interest.

WHEREFORE, the Maryland Division of Parole and Probation respectfully prays that an order be entered abating probation supervision.

Approved:

Field Supervisor _Stephen C. Shirley_

Date _2/13/89_

JP:em

Agent _John Parrish_
John Parrish
Senior Agent
5408 Silver HIll Rd., Suite 312
Forestville, MD 20747
420-6100

2/13/89

### ORDER FOR ABATEMENT OF PROBATION SUPERVISION

Upon the foregoing Petition it is ORDERED this __21st__ day of __February__ , 19 __89__ , by the Court that the conditions under which he/she was released are hereby waived until the legal expiration date of ____ May 12 ____ , 19 __91__ , except that he/she shall violate no law.

/S/ Audrey E. Melbourne
Judge

Jiius cui. - cui-
Norman L. Pritchett,

# 18

Original : Court
Copies : Probationer
         Division of Parole and Probation

DPP-ADM-30 (REV. 3/86)

**STATE OF MARYLAND**



DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES

DIVISION OF PAROLE AND PROBATION

PHONE: (301)  420-6100

Reply to: John Parrish
Division of Parole & Probation
5408 Silver Hill Road, Suite 312
Forestville, Maryland 20747

Dear *Mr. Frederick Edwardson*:

On _____5/12/86_____ , you were placed on ~~parole~~/probation
and on _____8/31/8?_____ , your ~~parole~~/probation was abated.
Therefore, it is no longer necessary for you to remain in contact with
this Division.

Good luck in the future.  If we may be of further service to you, feel
free to contact us.

Sincerely,

John Parrish
Parole & Probation Agent Senior

*P.S. The State of Utah has been made aware of this*
*action.*

# Former Sunday school teacher charged with abuse

By MICHAEL B. HEDGES
Journal staff writer

A former Sunday school teacher on probation for sexually molesting a girl from his class last year has been arrested and charged with sexually assaulting another young girl.

Police said the arrest was the result of a police program during which officers talk with public school children about sexual abuse. The victim, an 11-year old girl "came forward after one of our programs," said Sgt. Laney Hester of the county police's child abuse section.

Frederick J. Edvalson, 64, 2307 Oak Glen Way in Forestville, was charged with molesting the child, who he met at the Jesus Christ Church of Latter Day Saints on Auth Road in Camp Springs, police said.

According to court records, and by Edvalson's admission, the Nov. 2 arrest was his third arrest. He has two prior convictions for sexual assaults occurring in Prince George's County.

He was first arrested for molesting a three-year-old in 1977, according to police. In April of 1983, he was convicted of sexually abusing a nine-year-old girl who was a student in a Sunday School class he

taught at the church, police confirmed.

He received five years probation for that conviction, according to court records.

Edvalson's latest arrest occurred after the victim told police officers that he had approached her at the church, and that she had had sexual relations with him "several times," over the course of the past year.

Following his arrest Friday, bond was set at $100,000; he was released on bond later that day.

Yesterday Edvalson said: "I have been seeing a psychiatrist. I have seen several psychiatrists; I felt the first tv didn't help me much.

"This third one made me feel my problem was solvable. I was feeling I had almost conquered my desires, but I still need further therapy."

Edvalson said his last encounter with the victim was "a year ago."

But Hester said the victim had told police that the abuse began a year ago and continued "until fairly recently."

"He appears to be a fixated pedophile," said Hester. "His whole existence, for sexual gratification, is children."

Hester said it appeared Edvalson was using his connection with the church to meet children. "He looks like somebody's grandfather," he said, "but as long as he is able to be around children, he will molest them."

Police experts said many pedophiles seek a connection with children, through church, day care, scouting or other programs, as a way to make contact with intended victims.

The JOURNAL...
community news is our business.

# Student's death: U

By LON RAINS
Journal staff writer

The apparent suicide of the student member of the county Board of Education has left the school community groping for answers that many said will probably never be found.

According to Prince George's County police, Douglas Ealey Jr., 17, of District Heights shot himself with a .38-caliber handgun shortly before 10 a.m. Monday.

Police said Ealey's mother, Patricia, received a phone call at work from a friend of her son and rushed home. She first looked where the gun was usually kept. Not finding it, she went to her son's bedroom, knocked on the door and heard a shot.

Ealey was a senior honor student and popular student leader at Suitland High School.

"I just wish we could understand. He just seemed like such a together young man," said school board member Susan Bieniasz.

After four months representing county students on the Board of Education, Ealey had left an indelible impression on other board members as an intelligent, dedicated and concerned leader. He was the last person anyone would have expected to take his own life, several school board members said yesterday.



Douglas Ealey

"It is a tragedy to lose under any circumstances, but something like this you just warm person. I was so impr the way he handled himself a quiet, self-confident way look like he had a care world," said board member Eugene.

In too many cases of tee cide, there are no answers, a Irice Rodgers, Director Prince George's County Health Association. "It can one. Mental illness or suic happen to any of us if the is too great."

After reading newspa counts of Ealey's death, J



# Recycling Newspapers Pays!