| | |
|---|---|
| JANE DOE<br>c/o Andreozzi + Foote<br>and Holzman & Dickriede<br>233 E. Redwood St.<br>Suite 400J<br>Baltimore, MD 21202 | IN THE CIRCUIT COURT FOR<br>BALTIMORE CITY, MARYLAND<br><br>Case No. _____ |

Plaintiff,

THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS OF
CAMP SPRINGS
5300 Auth Road
Camp Springs, MD 20746
Serve On:   5300 Auth Road
            Camp Springs, MD 20746

AND

CORPORATION OF THE PRESIDING
BISHOP OF THE CHURCH OF
LATTER-DAY SAINTS
50 E. North Temple 2WW
Salt Lake City, Utah 84150
Serve On:   CSC Lawyers Incorporating
            Service Company
            7 St. Paul Street
            Suite 820
            Baltimore, MD 21202

AND

THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, A UTAH
CORPORATION SOLE a/k/a THE
CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS,
50 E. North Temple 2WW
Salt Lake City, Utah 84150
Serve On:   CSC Lawyers Incorporating
            Service Company
            7 St. Paul Street
            Suite 820
            Baltimore, MD 21202

Defendants.

1

## COMPLAINT

Comes Now, Plaintiff, Jane Doe, by and through her counsel, Andreozzi + Foote and Holzman & Dickriede, hereby files suit against Defendants jointly and severally, and respectfully represents unto this Court as follows:

## NATURE OF ACTION

1. Plaintiff brings this action against Defendants pursuant to Maryland's Child Victims Act ("CVA") (Md. Code Ann., Cts. & Jud. Proc. §5-117).

## JURISDICTION AND VENUE

2. This Court has personal jurisdiction pursuant to Md. Code Ann. Cts. & Jud. Proc. § 6-102(a) and § 6-103(b).

3. This Court has subject matter jurisdiction pursuant to Md. Code Ann. Cts. & Jud. Proc. § 1-501.

4. Venue is proper in Baltimore City pursuant to Md. Code Ann. Cts. & Jud. Proc. §6-201.

## PARTIES

5. Defendant, The Church of Jesus Christ of Latter-Day Saints of Camp Springs' principal place of business is 5300 Auth Road, Camp Springs, Prince George's County, Maryland 20746.

6. Defendant Corporation of the Presiding Bishop of the Church of Latter-Day Saints is a corporation solely incorporated in the State of Utah, a citizen of the State of Utah, and has its principal place of business in the State of Utah, with its registered Maryland address in Baltimore City, and regularly carries on business in Baltimore City.

7. Defendant The Church of Jesus Christ of Latter-Day Saints, a Utah Corporation Sole, a/k/a The Church of Jesus Christ of Latter-Day Saints is a corporation solely incorporated in the State of Utah, a citizen of the State of Utah, and has its principal place of business in the State of Utah, with its registered Maryland address in Baltimore City, and regularly carries on business in Baltimore City.

## FACTS COMMON TO ALL COUNTS

8. Plaintiff incorporates herein by reference and re-alleges the preceding and following paragraphs.

9. Plaintiff uses a pseudonym, as this matter involves the sexual victimization of Plaintiff while Plaintiff was a minor-child.

10. At all times relevant, Defendant Corporation of the Presiding Bishop of the Church of Latter-Day Saints, was a religious corporation sole of the Church of Jesus Christ of Latter-Day Saints operating in Maryland.

11. At all times relevant to this Complaint, Defendant The Church of Jesus Christ of Latter-Day Saints, a Utah Corporation Sole, a/k/a The Church of Jesus Christ of Latter-Day Saints, was a religious corporation sole of the Church of Jesus Christ of Latter-Day Saints operating in Maryland.

12. The Church of Jesus Christ of Latter-Day Saints and Corporation of the Presiding Bishop will be referred to collectively hereinafter as "LDS Church" or "LDS Defendants."

13. As part of its mission and ministry, LDS Defendants selected members of the LDS Church to engage with, befriend, counsel, and minister LDS children, including Plaintiff.

3

14. At all times relevant, The Church of Jesus Christ of Latter-Day Saints of Camp Springs (hereinafter "Camp Springs Church") was a congregation of the LDS Defendants in Camp Springs, Maryland.

15. At all times relevant, LDS Defendants owned, operated, and controlled Camp Springs Church.

16. At all times relevant, LDS selected, approved, and retained Frederick Edvalson (hereinafter "Perpetrator" or "Edvalson") as a minister and/or agent serving as a mentor, counselor, educator, and friend to LDS children, including Plaintiff.

17. LDS Defendants knew that as a minister Perpetrator would be in a position of trust and authority over LDS members and their children, including Plaintiff.

18. At all relevant times, Perpetrator was on the staff of, acted as an agent of, and served as an employee and agent of LDS Church, including as a minister, administrator, and/or official.

19. At all relevant times, Perpetrator was acting in the course and scope of his agency with LDS Defendants and Camp Springs Church.

*Sexual Abuse within the LDS Church*

20. As is now well-known, thousands of children have been sexually abused within the LDS Church and that LDS Church officials abused their positions of power to bury the problem of child predation within LDS; leaving victims of sexual abuse unprotected.

21. This conduct occurred before and after Plaintiff's sexual abuse by the Perpetrator.

22. For example:

   a. In April 2023, a woman was awarded $2.28 billion dollars by a California jury after LDS officials, including local bishops, failed to report the victim's abuse by her stepfather, a member of LDS, to law enforcement. The woman's

4

      stepfather plead guilty to committing lewd acts with a child under age 14 and spent three years in State prison.
  b. In January 2023, LDS settled with a Washington man for $1.1 million dollars after his abuse as a preschooler by an LDS volunteer went unreported. The bishop knew of this volunteers' propensity for sexual abuse of minors but failed to protect this man from harm.
  c. In 2021, David Hiser filed suit in the District Court of Oregon seeking $5.5 million dollars in damages after a Bishop within the Corvallis Stake in Corvallis, Oregon learned of allegations that an LDS Youth Leader was sexually abuse children within the Stake and failed to warn parents or report to law enforcement.
  d. In August 2022, the Associated Press ran a story titled *Seven Years of sex abuse: How Mormon officials let it happen* detailing the pattern of burying child sexual abuse within the LDS Church around the world.

23. These are just a few examples of the series of sexual abuse lawsuits brought against the LDS Church for sexual abuse that took place decades ago.

24. By the time of Plaintiff's abuse, sexual abuse of LDS children was a risk known to the Defendants.

### *Frederick Edvalson's sexual abuse of Plaintiff*

25. While serving in his capacity as a minister and/or agent of Camp Springs Church, Perpetrator befriended Plaintiff and her family.

26. Perpetrator gained the trust of Plaintiff as a mentor, counselor, educator, and friend.

27. Upon information and belief, before Perpetrator's arrival to the Camp Springs Church, Perpetrator had been convicted twice before for sexually abusing minors.

28. Upon information and belief, upon his arrival to the Camp Springs Church, Perpetrator's then-parole officer reported Perpetrator's past convictions to the Ward's board and advised he not serve in any capacity with or around children.

5

29. In fact, upon information and belief, as part of Perpetrator's parole he was physically not to be within the vicinity or presence of children.

30. Despite this, Perpetrator was not precluded from spending time with LDS children, including Plaintiff.

31. Beginning in approximately 1983, Perpetrator, while acting within the course and scope of his agency for LDS Defendants, engaged in various sexual acts with Plaintiff.

32. As set out further below, this sexual contact amounted to felony child abuse.

33. Specifically, as reported publicly and described by Maryland State's Attorney Arthur A. Marshall, Jr.:

> Edvalson gained the child's confidence and then lured her into a room in the church on a number of occasions between January, 1983, and October, 1984, to sexually abuse her, Mr. Marshall said.
>
> "He told her he was giving her special religious training," the state's attorney said.

34. Upon information and belief, Perpetrator abused far more children than Plaintiff is currently aware of, both before and after Plaintiff's abuse.

35. On March 11, 1985, Perpetrator was convicted of sexually abusing Plaintiff.

36. This was the third time Perpetrator had been convicted of sexually abusing a child.

> Edvalson pleaded guilty to the assaults March 11. It was the third time Edvalson was convicted of sexually abusing a child, Mr. Marshall said.
>
> The lay minister will begin serving the sentence handed down by Prince Georges County Circuit Judge Audrey Melbourne immediately, and will also be required to serve a sentence for an earlier offense that had been suspended.

37. Defendants knew or should have known that Perpetrator posed a danger to Plaintiff.

38. Indeed, upon information and belief, agents of the Defendants had actual knowledge that Perpetrator was a sex offender before and/or during his abuse of Plaintiff and did nothing to stop him; rather, they gave Perpetrator access to children including Plaintiff.

39. Minimal diligence would have revealed to Defendants that Perpetrator was a sex offender by the time he abused Plaintiff.

40. The Plaintiff and her parents implicitly trusted Perpetrator due to Perpetrator's relationship to Defendants, and thus allowed Plaintiff to be alone with Perpetrator.

41. At no time did Defendants make Plaintiff or her family aware of Perpetrator's history, or of the known risk of abuse posed by him and other members.

42. Such acts by Defendants were willful, wanton, and/or reckless.

43. As described, Perpetrator sexually abused the Plaintiff, and numerous other children.

44. As a direct result of Defendants' conduct described herein, Plaintiff suffered and will continue to suffer as follows:

7

a. Severe and permanent emotional distress, including physical manifestations of emotional distress;

b. Deprivation of the full enjoyment of life;

c. Expenses for medical and psychological treatment, therapy, and counseling; and,

d. Loss of income and/or loss of earning capacity.

### Causes of Action

### COUNT I

**Negligent, Grossly Negligent, and Reckless Hiring/Retention/Supervision of Employees, Agents, and/or Contractors**

**Plaintiff vs. All Defendants**

45. Plaintiff repeats and re-alleges every allegation set forth throughout this Complaint as if fully set forth herein.

46. At all times relevant, Defendants owed a duty to use reasonable and ordinary care to protect Plaintiff from injury caused by an unreasonable risk. Defendants breached this duty.

47. Defendants violated their duty, and were negligent, careless, and/or reckless as follows:

a. By failing to establish adequate child abuse prevention policies, procedures, and practices;

b. By failing to make mandatory and adhere (and ensure adherence) to such policies, procedures, and practices;

8

    c. By failing to adequately screen and supervise all those with access to children, including Perpetrator;

    d. By failing to retain, hire, train, and supervise agents/employees with regard to the prevention of child sexual abuse;

    e. By failing to adequately monitor and supervise Perpetrator and Plaintiff;

    f. By failing to know the risks of sexual abuse inherent in youth serving activities;

    g. By failing to require child sex abuse training for parents/guardians and children;

    h. By failing to recognize the signs that Perpetrator was a child sexual predator;

    i. By failing to conduct an appropriate background check on Perpetrator;

    j. By allowing Perpetrator to work with children despite his criminal history;

    k. By failing to terminate Perpetrator from his role despite Perpetrator's red flags and lack of fitness for the role; and,

    l. By violating the duties imposed upon them pursuant to the Restatement of Torts, Second, §§ 314A, 315, 317, 323, 324A, 344 & 371, as adopted in Maryland.

48. As a direct and proximate cause of the Defendants actions and omissions, and breach of the duties of reasonable care, Plaintiff was sexually abused, resulting in damages.

## COUNT II

### Negligence, Gross Negligence, and Recklessness

### Plaintiff vs. All Defendants

49. Plaintiff repeats and re-alleges every allegation set forth throughout this Complaint as if fully set forth herein.

50. At all times relevant, Defendants owed a duty to protect Plaintiff from sexual abuse.

51. Defendants violated their duty, and were negligent, careless, and/or reckless as follows:

   a. By failing to establish adequate child abuse prevention policies, procedures, and practices;

   b. By failing to make mandatory and adhere (and ensure adherence) to such policies, procedures, and practices;

   c. By failing to adequately screen and supervise all those with access to children, including Perpetrator;

   d. By failing to retain, hire, train, and supervise agents/employees with regard to the prevention of child sexual abuse;

   e. By failing to adequately monitor and supervise Perpetrator and Plaintiff;

   f. By failing to know the risks of sexual abuse inherent in youth serving activities;

   g. By failing to require child sex abuse training for parents/guardians and children;

   h. By failing to recognize the signs that Perpetrator was a child sexual predator;

   i. By failing to conduct an appropriate background check on Perpetrator;

   j. By allowing Perpetrator to work with children despite his criminal history;

   k. By failing to terminate Perpetrator from his role despite Perpetrator's red flags and lack of fitness for the role; and,

l. By violating the duties imposed upon them pursuant to the Restatement of Torts, Second, §§ 314A, 315, 317, 323, 324A, 344 & 371, as adopted in Maryland.

52. As a direct and proximate cause of the Defendants actions and omissions, and breach of the duties of reasonable care, Plaintiff was sexually abused, resulting in damages.

WHEREFORE, Plaintiff Jane Doe demands judgment against all Defendants, jointly and severally, and seeks damages in an amount in excess of $75,000.00 together with attorneys' fees, costs, and expenses of this lawsuit and such other relief as the Court may deem proper.

Respectfully Submitted,

*/s/ Ryan Dickriede*

Ryan Dickriede, Esq.
Holzman & Dickriede
233 E. Redwood Street, Ste 400J
Baltimore, MD 21202
(t) (410) 356-4455
(f) (410) 356-4420
Atty Code: 1412160217
ryan@hd-attorneys.com

*Renee Franchi* (with permission)

Renee Franchi, Esq.
Atty Code: 2006090023
Nathaniel Foote, Esq. (Pro Hac Pending)
Andreozzi + Foote
4503 North Front Street
Harrisburg, PA 17110
(t) (717) 525-9124
(f) (717) 525-9143
cassie@vca.law; renee@vca.law

*Attorneys for Plaintiff*

| | | |
|---|---|---|
| JANE DOE | * | IN THE CIRCUIT COURT FOR |
|    Plaintiff | * | BALTIMORE CITY |
|    v. | * | MARYLAND |
| THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, ET AL. | * | |
|    Defendants | * | Case No.: _____ |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## JURY DEMAND

COMES NOW Plaintiff Jane Doe, by and through counsel, Ryan Dickriede, Esq., and Holzman and Dickrede, Renee Franchi, Esq., and Andreozzi + Foote, and requests that this case be tried with the assistance of a jury.

Respectfully Submitted,

*/s/ Ryan Dickriede*

Ryan Dickriede, Esq.
Holzman & Dickriede
233 E. Redwood Street, Ste 400J
Baltimore, MD 21202
(t) (410) 356-4455
(f) (410) 356-4420
Atty Code: 1412160217
ryan@hd-attorneys.com

*/s/ Renee Franchi* (with permission)

Renee Franchi, Esq.
Atty Code: 2006090023
Nathaniel Foote, Esq. (Pro Hac Pending)
Andreozzi + Foote
4503 North Front Street
Harrisburg, PA 17110
(t) (717) 525-9124
(f) (717) 525-9143
cassie@vca.law; renee@vca.law

*Attorneys for Plaintiff*

IN THE CIRCUIT COURT FOR Baltimore City
(City/County)

## CIVIL – NON-DOMESTIC CASE INFORMATION SHEET

### DIRECTIONS

*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Justice of the Supreme Court of Maryland pursuant to Rule 2-111(a).
*Defendant:* You must file an Information Report as required by Rule 2-323(h).

**THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING**

FORM FILED BY: ☒ PLAINTIFF ☐ DEFENDANT     CASE NUMBER _____ (Clerk to insert)
CASE NAME: Jane Doe                    vs. Church of Jesus Christ Latter-Day Saints et al.
              Plaintiff                       Defendant
PARTY'S NAME: _____ PHONE: _____
PARTY'S ADDRESS: _____
PARTY'S E-MAIL: _____

If represented by an attorney:
PARTY'S ATTORNEY'S NAME: Ryan Dickriede, Esq     PHONE: (410) 539-4222
PARTY'S ATTORNEY'S ADDRESS: 233 E. Redwood Street, Suite 400J, Baltimore, MD 21202
PARTY'S ATTORNEY'S E-MAIL: Ryan@hd-attorneys.com
JURY DEMAND? ☒ Yes ☐ No
RELATED CASE PENDING? ☐ Yes ☒ No  If yes, Case #(s), if known: _____
ANTICIPATED LENGTH OF TRIAL?: ____ hours  5  days

### PLEADING TYPE
New Case: ☒ Original     ☐ Administrative Appeal     ☐ Appeal
Existing Case: ☐ Post-Judgment     ☐ Amendment
*If filing in an existing case*, skip Case Category/Subcategory section – go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint – DOB of Youngest Plt:____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☒ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Worker's Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. – Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

CC-DCM-002 (Rev. 12/2022)                 Page 1 of 3

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☒ Court Costs/Fees
- ☒ Damages-Compensatory
- ☒ Damages-Punitive
- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Financial Exploitation
- ☐ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☐ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☐ Judgment-Declaratory
- ☐ Judgment-Default
- ☐ Judgment-Interest
- ☐ Judgment-Summary
- ☒ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order
- ☐ Reinstatement of Employment
- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated Liability above*, mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.    ☒ Liability is not conceded, but is not seriously in dispute.    ☐ Liability is seriously in dispute.

### MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000    ☐ $10,000 - $30,000    ☐ $30,000 - $100,000    ☒ Over $100,000

☐ Medical Bills $ _____    ☐ Wage Loss $ _____    ☐ Property Damages $ _____

### ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation       ☒ Yes ☐ No          C. Settlement Conference   ☒ Yes ☐ No
B. Arbitration     ☐ Yes ☐ No          D. Neutral Evaluation      ☐ Yes ☐ No

### SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

### ESTIMATED LENGTH OF TRIAL

With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.

*(Case will be tracked accordingly)*

- ☐ 1/2 day of trial or less
- ☐ 1 day of trial time
- ☐ 2 days of trial time
- ☐ 3 days of trial time
- ☒ More than 3 days of trial time

### BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited** - Trial within 7 months of Defendant's response        ☐ **Standard** - Trial within 18 months of Defendant's response

### EMERGENCY RELIEF REQUESTED

| COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR) |
|---|
| *FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.* |
| ☐ Expedited - Trial within 7 months of Defendant's response      ☐ Standard - Trial within 18 months of Defendant's response |

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | |
|---|---|
| ☐ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ Civil-Short | Trial 210 days from first answer. |
| ☒ Civil-Standard | Trial 360 days from first answer. |
| ☐ Custom | Scheduling order entered by individual judge. |
| ☐ Asbestos | Special scheduling order. |
| ☐ Lead Paint | Fill in: Birth Date of youngest plaintiff _____. |
| ☐ Tax Sale Foreclosures | Special scheduling order. |
| ☐ Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

10/2/23
Date

*signature*
Signature of Attorney / Party

1412160217
Attorney Number

233 E. Redwood Street, Suite 400J
Address

Ryan Dickriede
Printed Name

Baltimore    MD    21202
City    State    Zip Code

CC-DCM-002 (Rev. 12/2022)          Page 3 of 3