**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JANE DOE,** | * | |
| **Plaintiff,** | * | |
| v. | * | **Civ. No. JKB-23-02900** |
| **THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,** | * | |
| **Defendant.** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM AND ORDER

Plaintiff Jane Doe has brought this action against the Church of Jesus Christ of Latter-day Saints (the "LDS Church"), alleging negligence and recklessness in connection with its failure to protect her from sexual abuse committed by an LDS Church minister when she was a minor. (Compl., ECF No. 4.)  Plaintiff filed the Complaint in the Circuit Court for Baltimore City, Maryland, and Defendant timely removed the action to this Court in October 2023, citing this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal, ECF No. 1.)

Currently pending before the Court is Defendant's Motion for Judgment on the Pleadings (ECF No. 18), and the Attorney General of Maryland's Motion to Intervene (ECF No. 25).  The Court will grant the Motion to Intervene and will defer ruling on the Motion for Judgment on the Pleadings, because it will certify a dispositive question of law to the Maryland Supreme Court.

## I.     Background

The alleged sexual abuse occurred at an LDS Church congregation in Camp Springs, Maryland between approximately 1983 and 1985. (*See* Compl. at ¶¶ 25–35, ECF No. 4 at 5–6.) The parties have stipulated to the fact that Plaintiff turned 18 years old in 1991. (ECF No. 20.)

The parties appear to agree that Plaintiff's claims would be barred as untimely under Maryland law, were it not for the recent enactment of the Maryland Child Victims Act of 2023 ("CVA"), 2023 Md. Laws ch. 5 (S.B. 686) (codified at Md. Code Ann., Cts. & Jud. Proc. § 5-117). The CVA provides that, effective October 1, 2023, "an action for damages arising out of an alleged incident or incidents of sexual abuse that occurred while the victim was a minor may be filed at any time," notwithstanding any statute of limitations, statute of repose, or any other law, provided that the plaintiff is still alive at the time the lawsuit is commenced. *Id.*

Defendant argues that the CVA, by abolishing a previously applicable statute of limitations, violates Article 24 of the Maryland Declaration of Rights. (ECF No. 18 at 5.) Article 24 has been understood to place certain limitations on the legislature's ability to retroactively abrogate vested rights. *See Dua v. Comcast Cable of Md., Inc.*, 805 A.2d 1061, 1078 (Md. 2002).

## II.     Certification

The Court concludes that the appropriate course of action in this case is to certify a question to the Supreme Court of Maryland regarding the constitutionality of the CVA, rather than resolving this question itself in the first instance.

Under Maryland's Uniform Certification of Questions Act, a federal court may certify a question of law to the Maryland Supreme Court if: (1) "the answer may be determinative of an issue in pending litigation in the certifying court"; and (2) "there is no controlling appellate decision, constitutional provision, or statute of this State." Md. Code Ann., Cts. & Jud. Proc. § 12-603. The Maryland Supreme Court has stated that "[t]he purpose of the Maryland Uniform Certification of Questions Act is to promote the *widest possible use* of the certification process in order to promote judicial economy and the proper application of Maryland's law in a foreign forum." *Proctor v. Wash. Metro. Area Trans. Auth.*, 990 A.2d 1048, 1056 (Md. 2010) (emphasis

in original) (cleaned up).  The decision whether to certify a question to a state high court "rests in the sound discretion of the federal court," *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974), and federal courts may certify such a question *sua sponte*, *Shears v. Ethicon, Inc.*, 64 F.4th 556, 563 (4th Cir. 2023); *Brunty v. NationsBanc Mortg. Corp.*, 955 F. Supp. 47, 48 n.3 (D.S.C. 1997); *see also Continental Resources, Inc. v. Wolla Oilfield Servs. LLC*, Civ. No. 20-00200-PRW, 2021 WL 2905412, at *5 (W.D. Okla. July 9, 2021), *certified question answered*, 510 P.3d 175 (Okla. 2022) (*sua sponte* certifying a question about a "novel and dispositive question of state law implicating the constitutionality of a state statute").

Here, certification is warranted.  The constitutionality of the CVA is dispositive to the question of whether Plaintiff's claims are time-barred.  And there has been no appellate decision on the CVA's constitutionality—unsurprisingly, as the statute is less than a year old.  Principles of federalism, comity, and judicial economy strongly counsel in favor of certification when—as here—a federal court is asked to determine whether a newly-enacted state statute violates a state constitution.  *See Lehman Bros.*, 416 U.S. at 391 (noting that the use of the certification process will often "save time, energy, and resources and help[] build a cooperative judicial federalism").

Accordingly, the Court proposes certifying the following question to the Maryland Supreme Court: Does the Maryland Child Victims Act of 2023, 2023 Md. Laws ch. 5 (S.B. 686), (codified at Md. Code Ann., Cts. & Jud. Proc. § 5-117), constitute an impermissible retroactive abrogation of a vested right in violation of Article 24 of the Maryland Declaration of Rights?

The Court will permit the parties to file any objections to the proposed question.

## III.  Motion to Intervene

The Attorney General of Maryland has filed a Motion to Intervene in support of the constitutionality of the CVA.  (ECF No. 25.)  The Motion is unopposed and the time for filing any

opposition to the Motion has lapsed. Under Federal Rule of Civil Procedure 5.1, a state attorney general has the right to intervene within 60 days of notice whenever a pleading, written motion, or other paper draws into question the constitutionality of a state statute. Fed. R. Civ. P. 5.1(a), (c). Here, as discussed above, Defendant's Motion for Judgment on the Pleadings (ECF No. 18) calls into question the constitutionality of the CVA. Thus, the Attorney General has the right to intervene in this case, and the Motion to Intervene will be granted.

## IV.   Conclusion

For the reasons set forth above, it is ORDERED that:

1. The Attorney General's Motion to Intervene (ECF No. 25) is GRANTED.

2. The Parties SHALL FILE any objections to the proposed question within 14 days of the date of this Memorandum and Order. Prior to filing any objections, the Parties are DIRECTED to meet and confer and, to the extent possible, to make objections in a joint filing. The Court will resolve any objections and will promptly certify the proposed question, with any edits as the Court deems appropriate in light of the parties' objections (if any). At that time, the Court will also stay this case pending the Maryland Supreme Court's resolution of the anticipated certification order.

DATED this __*18*__ day of March, 2024.

BY THE COURT:

James K. Bredar
Chief Judge

4